## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID PILL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGENICS PHARMACEUTICALS, INC., ANN MACDOUGALL, GÉRARD BER, BRADLEY L. CAMPBELL, ERIC J. ENDE, KAREN JEAN FERRANTE, HEINZ MÄUSLI, and DAVID W. MIMS,<br><br>Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff, David Pill ("Plaintiff"), by and through his attorneys, alleges the following on information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction (the "Proposed Transaction" or "Merger") initially announced on October 2, 2019, pursuant to which Lantheus Holdings, Inc. ("Lantheus") will acquire Progenics Pharmaceuticals, Inc. ("Progenics" or the "Company").

2. On October 1, 2019, Progenics' Board of Directors (the "Board" or the "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Lantheus, a Delaware corporation, and Plato Merger Sub, Inc., a direct, wholly-owned subsidiary of Lantheus ("Merger Sub"). In accordance with the Merger Agreement, Merger Sub will merge with and into Progenics, leaving Progenics as the surviving company in the Merger as a direct, wholly-owned subsidiary of Lantheus. Each share of Progenics common stock issued and outstanding immediately prior to the effective time (other than those owned by Lantheus,

Progenics, or any of their wholly-owned subsidiaries) will be automatically cancelled and converted into the right to receive 0.2502 shares of Lantheus common stock ("Merger Consideration").

3. On November 12, 2019, Defendants (as defined below) filed a Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC"). As described herein, the Registration Statement omits certain material information with respect to the Proposed Transaction, which renders it false and misleading, in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 140.14a-9 ("Rule 14a-9") promulgated thereunder.

4. Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction or, in the event the Proposed Transaction is consummated, to recover damages resulting from Defendants' wrongdoing described herein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act, 15 U.S.C § 78aa, and 28 U.S.C. § 1331, as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

6. This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business within this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because Progenics is incorporated in this District and a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been at all times relevant hereto, the owner of Progenics common stock.

9. Defendant Progenics is a Delaware corporation with its principal executive offices located in New York, NY. Shares of Progenics common stock are quoted on the Nasdaq Global Select Market under the symbol "PGNX."

10. Defendant Ann MacDougall ("MacDougall") has served as Interim Chair of the Board since November 2019.

11. Defendant Gérard Ber ("Ber") has served as a Board member since November 2019.

12. Defendant Bradley L. Campbell ("Campbell") has served as a Board member since June 2016.

13. Defendant Eric J. Ende ("Ende") has served as a Board member since November 2019.

14. Defendant Karen Jean Ferrante ("Ferrante") has served as a Board member since January 2014.

15. Defendant Heinz Mäusli ("Mäusli") has served as a Board member since November 2019.

16. Defendant David W. Mims ("Mims") has served as a Board member since November 2019.

17. The defendants listed in ¶¶ 10-16 are collectively referred to herein as the "Individual Defendants."

18. The Individual Defendants and Progenics are referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

19. According to the Company's March 2019 Form 10-K, Progenics "is an oncology company focused on the development and commercialization of innovative targeted medicines and artificial intelligence to find, fight and follow cancer."

20. In soliciting shareholder approval for the Proposed Transaction, Defendants caused the issuance of the Registration Statement, which purports to contain an overview of the Proposed Transaction, but omits certain critical information, rendering portions of the Registration Statement materially incomplete and/or misleading, in violation of the Exchange Act provisions discussed herein. As a result, Progenics shareholders lack material information necessary to allow them to make an informed decision concerning whether or not to vote in favor of the Merger.

<u>Material Omissions Concerning Progenics' Advisor's Fairness Opinion</u>

21. The Registration Statement omits material information concerning the opinion rendered by Jefferies LLC ("Jefferies"), the financial advisor retained by the Company, dated as of October 1, 2019, which found that the exchange ratio specified in the Merger Agreement was fair, from a financial point of view, to the holders of Progenics common stock.

22. *First,* the Registration Statement omits material information from Jefferies' *Discounted Cash Flow ("DCF") Analyses* of both Progenics and Lantheus. Both analyses were performed "by calculating the estimated present value of the standalone unlevered, after-tax free cash flows that Progenics was forecasted to generate during the calendar years ending December 31, 2020 through December 31, 2033 based on the Progenics financial projections" (Registration Statement at 132) and "the estimated present value of the standalone unlevered, after-tax free cash

flows that Lantheus Holdings was forecasted to generate during the calendar years ending December 31, 2020 through December 31, 2024 based on Progenics management Lantheus financial projections." *Id*. However, the Registration Statement fails to disclose the basis for the perpetuity growth rates used in both analyses.

23. Nor is there any disclosure of the numeric inputs Jefferies used to calculate the ranges of discount rates accounted for in its analyses.

24. Furthermore, the Registration Statement fails to disclose whether Progenics' $1.29B in Net Operating Loss ("NOLs") at $15.25 per share gross, or Lantheus' $207M in NOLs at $5.37 per share gross, were included in Jefferies' *DCF Analyses.*

25. Insofar as forecasted financial information was undoubtedly material to the execution of the Merger Agreement, its complete and comprehensive disclosure is material to Progenics' stockholders' decision on how to vote their shares. It provides stockholders with the information necessary to assess and better understand the future financial performance and viability of their investments. In that regard, the financial information and valuation methods used to generate Jefferies' analyses must also be fairly disclosed.

26. *Second*, the Registration Statement omits material information in connection with Jefferies' *Selected Companies Analysis* for Progenics. In connection with the analysis, "Jefferies reviewed publicly available financial, stock market and operating information of Progenics and…12 selected publicly traded oncology and specialty pharmaceutical companies that Jefferies considered generally relevant for purposes of analysis." Registration Statement at 133. However, there is no disclosure, in the Registration Statement, of the metrics for each of the companies that Jefferies used in its analysis.

5

27. Likewise the Registration Statement did not disclose the metrics for any of the "ten selected publicly traded imaging agents, diagnostics, imaging equipment and medical equipment/devices public companies that Jefferies considered generally relevant for purposes of" (Registration Statement at 134) its *Selected Companies Analysis* for Lantheus.

28. *Third*, despite Jefferies reviewing the premiums paid in over 300 selected biopharma, healthcare, industrial and consumer transactions, the Registration Statement fails to disclose all of the deals' premiums.

29. *Fourth*, with regard to the "12 selected transactions announced since September 2013 involving specialty pharmaceutical, radiopharmaceutical, radiodiagnostic or oncology companies" (Registration Statement at 137) that Jefferies reviewed for informational purposes, the Registration Statement omits all of the deals' multiples.

30. *Fifth,* the Registration Statement omits material information concerning Jefferies' review of selected public market trading price targets for both Progenics and Lantheus common stock. The reviewed targets ranged from "$6.50 to $14.00 per share of Progenics common stock, with a mean of $9.63 per share and a median of $9.00 per share…[and]… $25.00 to $28.00 per share of Lantheus Holdings common stock, with a mean of $27.00 per share and a median of $27.50 per share." Registration Statement at 137. Yet, the Registration Statement fails to enumerate all of the price targets taken into account in Jefferies' analysis.

31. Failure to provide this information satisfactorily not only undermines the ability of Progenics' shareholders to make an informed decision as to the Merger, but also calls into question Jefferies' opinion as to the fairness of the Merger.

Material Omissions Concerning Lantheus' Advisor's Fairness Opinion

32. The Registration Statement further omits material information concerning the opinion rendered by SVB Leerink Partners LLC ("SVB Leerink"), the financial advisor retained by Lantheus, dated as of October 1, 2019, which agreed that the exchange ratio specified in the Merger Agreement was fair, from a financial point of view, to Lantheus.

33. The Registration Statement was similarly incomplete regarding SVB Leerink's *DCF Analysis* of Lantheus. The analysis culminated in an "implied per share equity value for the Lantheus Holdings common stock of approximately $24.10 to $35.30 as compared to the closing price of the Lantheus Holdings common stock of $25.07 as of September 30, 2019 and $24.03 as of October 1, 2019." Registration Statement at 124. Yet, the Registration Statement fails to disclose the changes in working capital SVB Leerink used to calculate Lantheus' free cash flow.

34. Likewise, the Registration Statement omits material information from SVB Leerink's *Sum-of-the-Parts DCF Analysis* of Progenics. For the purposes of this analysis, SVB Leerink "performed separate discounted cash flow analyses with respect to the following products (and indications specified by the Lantheus Management Forecasts) of ProgenicsAZEDRA® (Pheochromocytoma and Paraganglioma, Neuroblastoma and GEP-NET indications); PyLTM (Biochemical Recurrence and Risk Stratification indications); and 1095." Registration Statement at 125-26. It produced "an implied per share equity value for the Progenics common stock of approximately $6.20 to $7.90" (Registration Statement at 126), higher than Progenics' $5.32 common stock value as of November 12, 2019. However, to the detriment of Progenics' stockholders, not only does the Registration Statement fail to disclose the line items SVB Leerink used to determine the free cash flow for all of Progenics, as used in its analyses, but it fails to

clarify whether the free cash flow of the three enumerated products represents the total free cash flow of Progenics.

35. Furthermore, there was no disclosure of the numeric inputs used by SVB Leerink to calculate the discount rate and yearly NOL figures relied on in its *DCF Analysis* of Lantheus, or its *Sum-of-the-Parts DCF Analysis* of Progenics. Thus, the Registration Statement provides a wholly insufficient description thereof.

36. To the extent that each shareholder of Progenics common stock will have the right to receive 0.2502 shares of Lantheus common stock, Jefferies' and SVB Leerink's financial analyses as to the value of the common stocks of both Progenics and Lantheus are material information.

37. It has been established that the real informative value of a financial advisor's work is not in its conclusion, but in the valuation analyses that buttress that result. Consequently, failure to furnish the non-disclosed information discussed above could prevent shareholders from understanding the context of the figures or considering the potentially anomalous nature of the inputs thereto or the ranges derived therefrom. Without this information, Progenics' shareholders are unable to determine whether the Proposed Transaction is indeed fair and in their best interest.

38. Based on the foregoing disclosure deficiencies in the Registration Statement, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Progenics' stockholders will suffer, absent judicial intervention.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the other public shareholders of Progenics (the "Class"). Excluded from the Class

are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

40. This action is properly maintainable as a class action for the following reasons:

a. The Class is so numerous that joinder of all members is impracticable. As of November 7, 2019, there are 86,421,634 shares of Progenics common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

b. Questions of law and fact are common to the Class, including, among others: (i) whether Defendants have violated Sections 14(a) and 20(a) of the Exchange Act in connection with the Proposed Transaction; and (ii) whether Plaintiff and the Class would be irreparably harmed if the Proposed Transaction is consummated as currently contemplated and pursuant to the Registration Statement as currently composed.

c. Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class.

d. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

e. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

f. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

g.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, preliminary and final injunctive relief on behalf of the Class as a whole is entirely appropriate.

## CAUSES OF ACTION

### COUNT I
### Claim for Violation of Section 14(a) of the Exchange Act
### and Rule 14a-9 Promulgated Thereunder
### (Against All Defendants)

41.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42.    Section 14(a)(1) of the Exchange Act makes it "unlawful for any person . . . to solicit or to permit the use of his name to solicit any Registration Statement or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title."  15 U.S.C. § 78n(a)(1).

43.    Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that solicitation communications with shareholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9(a).

44.    Rule 14a-9 further provides that, "[t]he fact that a proxy statement, form of proxy or other soliciting material has been filed with or examined by the Commission shall not be deemed a finding by the Commission that such material is accurate or complete or not false or misleading, or that the Commission has passed upon the merits of or approved any statement contained therein or any matter to be acted upon by security holders.  No representation contrary to the foregoing shall be made."  17 C.F.R. § 240.14a-9(b).

45. As discussed herein, the Registration Statement misrepresents and/or omits material facts concerning the Merger.

46. Defendants prepared, reviewed, and caused the filing and dissemination of the false and misleading Registration Statement to Progenics' shareholders. In doing so, Defendants knew or recklessly disregarded that the Registration Statement fails to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

47. The omissions and incomplete and misleading statements in the Registration Statement are material in that a reasonable shareholder would consider them important in deciding how to vote their shares. In addition, a reasonable investor would view such information as altering the "total mix" of information made available to shareholders.

48. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Registration Statement, Defendants were undoubtedly aware of this information and had previously reviewed it, including participating in the Merger negotiation and sales process and reviewing Jefferies' and SVB Leerink's complete financial analyses purportedly summarized in the Registration Statement.

49. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Merger.

50. Progenics is deemed liable as a result of the Individual Defendants' negligence and/or recklessness in preparing and reviewing the Registration Statement.

51. Defendants knew that Plaintiff and the other members of the Class would rely upon the Registration Statement in determining whether to vote in favor of the Merger.

52. As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(a) of the Exchange Act and Rule 14d-9, absent injunctive relief from the Court, Plaintiff and the other members of the Class will suffer irreparable injury by being denied the opportunity make an informed decision concerning whether or not to vote in favor of the Merger.

53. Plaintiff and the Class have no adequate remedy at law.

## COUNT II
### Claim for Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

54. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

55. The Individual Defendants acted as controlling persons of Progenics within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Progenics, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

56. Each of the Individual Defendants were provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the securities violations alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of each of the Individual Defendants to approve the Merger. They were thus directly connected with and involved in the making of the Registration Statement.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons and the acts described herein, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

59. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

60. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel;

B. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

C. Directing the Individual Defendants to disseminate an Amendment to the Company's Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Directing Defendants to account to Plaintiff and the Class for their damages sustained because of the wrongs complained of herein;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 12, 2019 **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*

**OF COUNSEL:**
Brian D. Long (#4347)
Gina M. Serra (#5387)
**WOLF POPPER LLP** 300 Delaware Avenue, Suite 1220
Carl L. Stine Wilmington, DE 19801
Antoinette A. Adesanya Telephone: (302) 295-5310
845 Third Avenue Facsimile: (302) 654-7530
New York, NY 10022 Email: bdl@rl-legal.com
Telephone: (212) 759-4600 Email: gms@rl-legal.com
Facsimile: (212) 486-2093
Email: cstine@wolfpopper.com *Attorneys for Plaintiff*